UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Jonathan Lee Riches**, #404948-018, | ) C/A No. 6:06-194-MBS-WMC |
| Petitioner, | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Bureau of Prisons; | ) |
| Michael Pettiford Warden; and | ) |
| John Does 1-100, | ) |
| Respondents. | ) |

This is a civil action filed *pro se* by a federal prison inmate.[1] The pleading which opened this case is titled: "Application for Temporary Restraining Order." No complaint was filed along with the pleading; however, Petitioner (or applicant) claims that he wishes to have this Court order the Federal Bureau of Prisons (BOP) not to transfer him (Petitioner) from his current place of confinement at FCI-Bennettsville to a different prison that is also in South Carolina: FCI-Williamsburg. Petitioner alleges that he made BOP officials aware of the his fears for his safety from certain individuals who are currently house at FCI-Williamsburg and that he was informed that his concerns would be considered in any decision about transfers. Petitioner also alleges that he was placed on a "pack out" list issued January 17, 2006, indicating an imminent transfer from Bennettsville to Williamsburg and that this action has caused him "injury." His *pro se* pleading was submitted to prison officials for mailing to this Court on that same day. Petitioner does not

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

allege that the "injury" is irreparable, that his claims of improper transfer have any likelihood of success on the merits, that his "injury" outweighs any prejudice that BOP might suffer should the transfer be prohibited, or that the public interest would be served by the issuance of the restraining order that he seeks.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Application filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pleading filed by a *pro se* litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9-10 & n.7 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* pleading, the plaintiff's allegations are assumed to be true. See Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See Weller v. Department of Social Servs., 901 F.2d 387(4th Cir. 1990). Even under this less stringent

2

standard, however, this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

It is well settled that a temporary restraining order (TRO) is extraordinary relief, and it has been consistently held that a party seeking a TRO must show the following in order to establish a prima facie right to such relief:

> 1. *a substantial likelihood that the movant eventually will prevail on the merits;* 2. that the movant will suffer irreparable injury unless the injunction issues; 3. that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and 4. that the temporary restraining order, if issued, would not be adverse to the public interest.

Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir.1980)(emphasis added)(citing Sierra Club v. Hathaway, 579 F.2d 1162 (9th Cir. 1978); Hardin v. Houston Chronicle Publishing Co., 572 F.2d 1106 (5th Cir. 1978) 7 Moore's Federal Practice § 65.04(1); 11 Wright & Miller, Federal Practice and Procedure § 2948).

As stated above, the only substantial allegations contained in Petitioner's Application are that he has a fear for his safety if he is transferred and that the proposed transfer despite BOP's knowledge of his fears constitutes "injury" to Petitioner. He does not state that this "injury" is irreparable; he does not specifically discuss whether he has any established right, constitutional or otherwise, to prohibit the proposed transfer; nor does he address any type of prejudice to BOP or to the public interest that might result should his request for a TRO be granted in this case. The pleading shortcomings are particularly problematic to Petitioner's cause given the established wide discretion in inmate housing decisions that prison officials enjoy under the applicable law.

Although both state and federal prisoners retain many constitutional rights, it has been recognized that incarceration inherently limits certain constitutional rights of prisoners. See O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). The BOP and its employees, particularly a warden, have the power to manage and regulate all persons convicted of offenses against the United States. See 18 U.S.C. § 4042. Once a person is convicted of a federal crime and is committed to the custody of the Attorney General of the United States, the BOP has the sole authority to determine that person's place of confinement and under what circumstances that person shall be confined. 18 U.S.C. § 3621(b). Furthermore, it has been held that there is no "liberty interest" in a federal prisoner's place of confinement that would permit an action under 42 U.S.C. § 1983 for any alleged due process violation asserted in connection with a transfer decision. See Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983); Meachum v. Fano, 427 U.S. 215, 224 (1976); *see also* Sandin v. Conner, 515 U.S. 472 (1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir.1991)(non-consensual transfer of a prisoner from one institution to another is not a per se violation of either due process or equal protection rights). Moreover, Petitioner has not alleged that the impending transfer is the result of retaliation against him for his exercise of constitutional rights or that it is the result of any other improper purpose. See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir.1995); Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir.1985)(A prisoner claiming retaliation for the exercise of his constitutional rights must also establish that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not narrowly tailored to achieve those goals).

In light of the obvious lack of potential success on the merits of this case, as discussed above, and the absence of any adequate showing of potential irreparable harm to Plaintiff or public interest to be served by restricting BOP's transfer decision, it is recommended that the District Court deny Petitioner's Application for Temporary Restraining Order and dismiss this case for frivolity.  *See* Alberti v. Cruise, 383 F.2d 268, 271-72 (4th Cir. 1967); Fed.R.Civ.P. 65(d); *see also* Neitzke v. Williams, 490 U.S. 319, 325 (1989)(a *pro se* pleading is "frivolous where it lacks an arguable basis in law or fact." ).

### Recommendation

Accordingly, it is recommended that the District Court dismiss this case *without prejudice* and without issuance and service of process.  *See* Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe, 998 F.2d 201, 202-04 & n. * (4th Cir. 1993); Boyce v. Alizaduh; Todd v. Baskerville, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff's attention is directed to the important notice on the next page.

                                      s/William M. Catoe
                                      United States Magistrate Judge

January 27, 2006
Greenville, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**

6